UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| Vincent Franco III, <br><br> Plaintiff, <br> v. <br><br> Roger Smith, Richard Ubert, Tracey Cullen, <br> Bill Ordon, Eric Taylor, Greg Doemer, <br> John Doe 1-2, Jane Doe 1-2, <br> Dennis M. Siry, Village of Amityville <br><br> Defendants. | Civil Action No. 22-4674 <br><br> **COMPLAINT** <br><br> **JURY TRIAL REQUESTED** |

**COMPLAINT**

Plaintiff Vincent Franco III, by and through his attorneys the Law Offices of Victor M. Feraru, as and for its Complaint against Defendantsupon information and belief alleges:

**PRELIMINARY STATEMENT**

1. This case flows from the selective denial of a variance based upon preconceived notions of Plaintiff's political views, which clouded the judgment of the Village decision makers.

**JURISDICTION AND VENUE**

2. This court has subject matter jurisdiction and venue are properly set in this District as this matter relates to a federal question under 28 U.S. Code § 1331 since there is a Federal Question involved in each aspect of this underlying complaint. Furthermore, the pendant state law claims are properly brought before this court pursuant to 28 U.S.C. § 1367.

3. Consistent with the Due Process Clause Consistent with the Due Process Clause of the Fifth and Fourteenth Amendments, the Court has personal jurisdiction over Defendants, because Defendants are present in the Eastern District of New York, so requiring an appearance does not offend traditional notions of fair play and substantial justice. See *International Shoe Co. v. Washington*, 326 U.S.

310, 316 (1945). Further, All of Plaintiff's claims arise from conduct that the Defendant's engaged in in the Eastern District of New York.

## JURY DEMAND

4. The Plaintiff demands a jury trial in this action.

## PARTIES

5. Plaintiff Vincent Franco III is an individual is and at all times relevant hereto, is an individual who resides in the Village of Amityville, specifically 32 Marion Rd., Amityville, New York.

6. Defendant Roger Smith, upon information and belief is an individual who resides in the Village of Amityville. He is sued in both his personal capacity and in his professional capacity as a representative of the Village of Amityville.

7. Defendant Richard Ubert, upon information and belief is an individual who resides in the Village of Amityville. He is sued in both his personal capacity and in his professional capacity as a representative of the Village of Amityville.

8. Defendant Tracey Cullen, upon information and belief is an individual who resides in the Village of Amityville. She is sued in both his personal capacity and in his professional capacity as a representative of the Village of Amityville.

9. Defendant Bill Ordon, upon information and belief is an individual who resides in the Village of Amityville. He is sued in both his personal capacity and in his professional capacity as a representative of the Village of Amityville.

10. Defendant Eric Taylor, upon information and belief is an individual who resides in the Village of Amityville. He is sued in both his personal capacity and in his professional capacity as a representative of the Village of Amityville.

11. Defendant Greg Doemer and John Doe Part Time building Inspector (experienced with Town of Babylon) brought in help, upon information and belief is an individual who resides in the Village of Amityville. He is sued in both his personal capacity and in his professional capacity as a representative of the Village of Amityville.

12. Defendant John Doe 1-2, upon information and belief is an individual who resides in the Village of Amityville. He is sued in both his personal capacity and in his professional capacity as a representative of the Village of Amityville and believed to be a Building inspector charged with approving building plans, inspecting, and other duties to the Village of Amityville.

13. Defendant Jane Doe 1-2, upon information and belief is an individual who resides in the Village of Amityville. She is sued in both his personal capacity and in his professional capacity as a representative of the Village of Amityville and believed to be a building inspector charged with approving building plans, inspecting, and other duties to the Village of Amityville.

14. Defendant Dennis M. Siry, upon information and belief is an individual who resides in the Village of Amityville.

**FACTS**

15  Defendant, a home builder, moved to what is to be the home for he and his wife with the intent of building a home the two could live in for his and her lives in or about December 30, 2019, at 32 Marion Rd., Amityville, New York.

16. From the very moment the Plaintiff moved in his home his republican political views were frowned upon by those within the neighborhood and by local politicians.

17. In or about January 2020, Plaintiff began construction to expand and enlarge a new home on the property which required that the Plaintiff request and a number of permits to begin these property changes immediately, this is where the problems began.

18. In or about January 2020, Defendant Mayor Siry began to receive faux complaints from constituents who had issues of Plaintiff loud support of Trump which manifested into incredible allegations that the size of Plaintiffs property led them to believe he was going to make it a commercial operation. Further, the Mayor openly said that he did not like having contractors and builders living in his community. Essentially, Defendants were ganging up on Plaintiff not because of any rational reason, but because they did not want an individual who supported Trump to build such a large house in the

neighborhood, or be in the neighborhood at all. The Defendant Mayor simply teamed up with his constituents, as defending Plaintiff curried no political favor among his supporters.

19. In or about January 2020, there was a board of trustees meeting, to receive various permits, which turned into Plaintiff being falsely accused of planning to use his house as commercial storage, and or a potential three family; however, this veiled attempt to discriminate against a Trump Supporter who flew Trump Flags from his car, in front of a single family construction dwelling. The trustees were biased by this, as their constituents were making baseless claims, and even said that they did not favor contractors living and building in the community.

20. Between January of 2020 and May 2021, Plaintiff had multiple public meetings with Village officials simply to dispel false allegations that a larger, beautiful home that would improve the neighborhood was being built for nefarious purposes. This of course was based solely on the fact that the Defendant and his or her consitunancts did not approve of Plaintiff's political views as expressed by signs, and therefore arbitrarily accused, and ultimately denied many permits, as will be further described below, and as espoused by Defendants in Trustee meetings, and in side comments to Plaintiff.

21. Eventually in August of 2021, permits were approved and provided to Plaintiff by Defendants, those permits included: fencing, and construction of house.

22. In or about August of 2021, Plaintiff began construction.

23. In or about September of 2021, Plaintiff contacted a John Doe Building inspector, who signed off approving the roofing plans, which included the height differential from thirty feet in height to three feet four inches. Doe said, "we will address the variance at the final survey and make an exception," and directed Plaintiff to continue construction. Plaintiff then began to finish the roof, at a cost of approximately $100 thousand, including electrical, plumbing, in the attic on the second floor.

24. In or about March of 2022, during construction of the house, Plaintiff again called the Department of Buildings for Sheeting and Final Framing Inspection. Defendant Doemer then came to the Subject Premises to inspect the sheeting and framing, there was strapping that still needs to be added. Dormer entered the premises, said there were issues of plumbing, however signs off on the framing of the

Subject Premises. Later in the same day Doemer calls Plaintiff and says there is a problem with the roof, as it was built too high at which time Plaintiff informed Doemer that the roof height was already addressed as is set forth in para. 23, above, which the John Doe Building inspector. Doemer then inexplicably blamed Plaintiff for Doe's non-communication with Doemer, and placed a stop work order, shutting the entire construction down, sending Plaintiff back to planning. Doemer essentially blamed Plaintiff for Doemer's departmental mistakes, which was later ratified by all named Defendants in later meetings.

25. In or about February of 2021, Doe had been terminated from the township for negligently, or doing a poor job.

26. In May of 2022, Plaintiff went back to Zoning to receive a variance from the garage area of one-foot, three inches on the garage, and was represented by counsel. The modification would barn style the roof, and cost Plaintiff $40 thousand to modify, even though Doe approved the modifications.

27. In or about May 2022, Plaintiff asked Doemer if the barn style roof were added, as a compromise, if that would be allowed, and Doemer acted furiously, unreasonably, and falsely said that the Township had never received any plans, when in fact it had, as mentioned above. Dormer made it extremely clear that this was due to personal biases on behalf of the Trustees, mayor, personally, and professionally.

28. Upon belief the Defendant Mayor Siry said Plaintiff gets absolutely no approval on anything from belief that Plaintiff will be deviating the plans and in belief Plaintiff was going to do whatever the Plaintiff pleased which was not the case. Plaintiff had conversed with inspectors to do the right thing but Defendant Mayor Siry continues to tell his staff to not give him any approvals.

29. In spite of the fact that Defendant Village of Amityville regularly approves variances, and through the negligence of its John Doe inspector Plaintiff reasonably acted in making significant and pricely modifications to his home, for no reasonable purpose whatsoever, except for annoyance and discrimination, did Defendants deny Plaintiff the variance which in at least four cases had been approved

for others in the community, for example the exact variances/exceptions were made at the following addresses:

    a.    54 S Bay ave, Amityville, NY 11701 was granted a variance on a roof modification.

    b.    11 Berger ave, Amityville, NY 11701 was granted a variance on a roof modification.

    c.    15 Berger Ave, Amityville, NY 11701 was granted a variance on a roof modification.

    d.    64 Griffing ave, Amityville, NY 11701 was granted a variance on a roof modification.

30.    Plaintiff had no different circumstances, except that he was given a go-ahead to proceed with his modification by the John Doe Inspector, however, he was treated markedly differently for the changes he made under the authority of the John Doe Inspector, and yet was still discriminated against for no rational reason by all named Defendants who acted under the color of his and her authority while using personal opinions to discriminate against Plaintiff.

## COUNT I

### NEW YORK COMMON LAW

**AS AND FOR THE FIRST CAUSE OF ACTION BASED UPON THE DEFENDANTS' WILLFUL VIOLATION OF THE FEDERAL CONSTITUTIONAL GUARANTEES THAT THE STATE NOT DEPRIVE THE PLAINTIFF OF PROPERTY WITHOUT THE DUE PROCESS OF LAW.**

*(U.S Constitution, Amdt. XIV)*

31.    Plaintiff repeats all above paragraphs with the same facts above and alleges as follows that all named Defendants incorporated Plaintiff named in reference acting both in personally and professionally acts in discriminating Plaintiff for variances as set forth above.

32.    In or about March of 2022, and thereafter, Defendants, ignoring the authorization that the John Doe Inspector gave to Plaintiff, demanded that Plaintiff tear down and reconstruct the roof to original specifications, at the cost of over $100 thousand. As a result, this constitutes a monumental taking as the roof had already been constructed. Further, the Village of Amityville did this under the color of local law, ratifying it at a number of board of trustee meetings.

33. Plaintiff properly complied with the requirements of requesting a variance with the filing of building plans and with the Zoning/Building Department and the John Doe inspector and yet the Zoning/Building Department and all named Defendants summarily, arbitrarily, unreasonably, denied any liability and ultimately the variance under the color of state law.

34. By and through the citied course of omissions, defendants have jointly and severely caused plaintiff extreme distress, emotional anxiety, embarrassment, humiliation, pain, mental suffering, financial loss, and a significant diminution in the quality of his life, for example there are rodents running through the open areas of the halted construction of his home, there is significant damage to finish construction in his home, including water damage, among other issues.

35. The actions as set forth above of all named Defendants both in there personal and professional capacities were purposeful and with malice and were the intent to deprive Plaintiff with his constitutional property rights in 32 Miriam Road, Amityville, New York 11701.

By reason for foregoing, Plaintiff demands damages in the amount to be determined by the jury, but in no case less than ONE MILLION ($1,000,000.00) DOLLARS plus costs, disbursements, legal fees, and any other further relief as this Court finds just and equitable.

### AS AND FOR THE SECOND CAUSE OF ACTION BASED UPON THE DEFENDANTS' SELECTIVE ENFORCEMENT OF THE ZONING CODE IN WILLFUL VIOLATION OF PLAINTIFFS CONSTITUTIONAL RIGHT OF EQUAL PROTECTION

### *(U.S Constitution, Amdt. XIV)*

36. Plaintiff repeats all above paragraphs with the same facts above and alleges as follows that all named Defendants incorporated Plaintiff named in reference acting both in personally and professionally acts in discriminating Plaintiff for variances as set forth above.

37. Plaintiff rightfully applied for a variance and presented such to building/zoning department as set forth above. However, due to Defendants' personal opinion of Plaintiff as a contractor and a Trump supporter, unilaterally denied plaintiff's variance after it was approved for no rational reason whatsoever except for personal distaste for contractors, republicans, and Trump supporters.

38. As set forth above, Plaintiff's requests for variances were no different than those at the below addresses:

   a. 54 S Bay ave, Amityville, NY 11701 was granted a variance on a roof modification.

   b. 11 Berger ave, Amityville, NY 11701 was granted a variance on a roof modification.

   c. 15 Berger Ave, Amityville, NY 11701 was granted a variance on a roof modification.

   d. 64 Griffing ave, Amityville, NY 11701 was granted a variance on a roof modification.

and yet Plaintiff received disparate treatment as compared to other comparators.

39. Although Defendant John Doe inspector approved the modification and gave Plaintiff the go-ahead to continue construction, Defendants unilaterally decided against allowing the variance to be allowed *after* the construction had been completed. Further, Defendants ratified with selective enforcement of providing variances and stop work order solely upon the Plaintiff, when others in similar circumstances did not, and have not received such treatment.

40. Based upon the above-mentioned actions, the above-named defendants selectively waved the zoning code requirements and/or through the approval process by putting the plaintiff through an approval process that was destined to fail based solely on the Defendants' personal opinion against Plaintiff while not putting the above mentioned comparator properties, his/her/its owners, or contractors through the same forestall and impeding site plans, applications, or variance approvals. By allowing the above-mentioned properties to benefit from the same variances, but disallowing Plaintiff's, this selective enforcement of the Zoning Code, and or exceptions or variances, deprived Plaintiff of his vested constitutional property rights.

41. Further, the striking fact that Defendants did not acknowledge, or otherwise proverbially shrugged his/her/its shoulders when Plaintiff pointed out that the John Doe Building inspector greenlighted, or in other words allows the change the roof to proceed, and thereafter summarily disregarding the same, shows a striking indifference to Plaintiff's vested constitutional property rights.

42. This blatant failure to adhere to its own variance in the selective enforcement in modifying such by all named Defendants is a striking deprivation of Plaintiff's constitutional property rights.

43. The blatant failure of Defendants to accommodate the variance that it had already approved is once again a blatant example of the Defendants and is a deprivation of Plaintiffs constitutional property rights

44. By reason of the unequal treatment as aforesaid, the named defendants, individually and collectively, violated plaintiffs right to due process and equal protection of the laws as guaranteed by the Fourteenth Amendment to the United States Constitution.

45. By and through the cited course of actions and omissions, Defendants have jointly and severally deleteriously affect plaintiffs capacity to build and enjoy his home that he lawfully built is building for he and his wife in the Village Amityville, New York.

46. By and through the cited course of actions and omissions, Defendants have jointly and severally caused Plaintiff extreme distress, emotional anxiety, embarrassment, pain and mental suffering, economic loss, and significant diminution in the quality of his life.

By reason for foregoing, Plaintiff demands damages in the amount to be determined by the jury, but in case less than ONE MILLION ($1,000,000.00) DOLLARS plus costs, disbursements, legal fees, and any other further relief as this Court finds just and equitable.

**AS FOR THE THIRD CAUSE OF ACTION AGAINST
Village of Amityville, New York**

(*Negligence*)

47. Defendant, the Village Amityville owes its citizens the duty of care, and prudence, and of fiscal responsibility to its citizens, such as Plaintiff.

48. Defendant, the Village Amityville owed Plaintiff a duty when it sent its John Doe Inspector to approve the construction and plans of the Plaintiff's roof installation that the inspector would

do his and/or her job in communicating the variance and changes he approved and told Plaintiff to proceed with.

49. Defendant, the Village Amityville, breached that duty by approving the roof modifications of Plaintiff which Plaintiff then rightfully acted upon, and later denying that such approval took place, therefore substantially and unreasonably harming Plaintiff.

50. Defendant, the Village Amityville, and it's John Doe inspector are the actual and proximate cause of Plaintiff's damage, which include the new construction of an entire roof, injuring Plaintiff by at least ONE HUNDRED THOUSAND ($100,000.00) DOLLARS

By reason for foregoing, Plaintiff demands damages in the amount to be determined by the jury, but in case less than ONE MILLION ($1,000,000.00) DOLLARS plus costs, disbursements, legal fees, and any other further relief as this Court finds just and equitable.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests judgment against Defendants as follows:

a) Plaintiff demands damages in the amount to be determined by the jury, but in case less than ONE MILLION ($1,000,000.00) DOLLARS plus costs, disbursements, legal fees, and any other further relief as this Court finds just and equitable.

b) Plaintiff demands equitable relief of the granting of the exception/variance, plus costs, disbursements, legal fees, and any other further relief as this Court finds just and equitable.

c) Awarding Plaintiff reasonable attorneys' fee, costs and expenses incurred in p[rosecuting this action; and

d) Granting Plaintiff all such other relief

Dated: August 9, 2022

Respectfully submitted,

LAW OFFICE OF VICTOR M. FERARU


By: _____/s/ Victor M. Feraru_____
    Victor M. Feraru, Esq.
1225 Franklin Avenue Road
Suite 2 South
Mineola, New York 11501
Tel: 516-535-3333
Fax: 516-535-4090

*Attorneys for Vincent Franco III*